## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02762-MSK-NYW

THOMAS ROUNTREE,

        Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY d/b/a
UNITED SERVICES AUTOMOBILE ASSOCIATION,
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, and "JOHN DOES" 1-10,

        Defendants.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 16(b) Scheduling Conference is set for February 24, 2016 at 9:30 a.m. in Courtroom C-204 before Magistrate Judge Nina Y. Wang. Plaintiff Thomas Rountree is represented by Miles M. Dewhirst and Rick N. Haderlie of Dewhirst & Dolven, LLC, 102 S. Tejon St., Ste. 500, Colorado Springs, CO  80903, (719) 520-1421. Defendant USAA Casualty Insurance Company ("USAA CIC") is represented by Mr. Jeremy A. Moseley and Ms. Stefania C. Scott of Wheeler Trigg O'Donnell LLP, 370 17th Street, Suite 4500, Denver, Colorado, 80202, (303) 244-1800. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is represented by Marc R. Levy and Heather E. Judd of Levy Wheeler Waters, Professional Corporation, 6400 S. Fiddlers Green Circle, Suite 900, Greenwood Village, CO 80111, (303) 796-2900.

## 2. STATEMENT OF JURISDICTION

Defendant USAA CIC states the Court has subject matter jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs. Plaintiff is a citizen of the State of Colorado (ECF No. 5, ¶ 1). For purposes of diversity, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

USAA CIC is a citizen of Texas (ECF No. 1, ¶¶ 20-22), as it is a Texas corporation with its principal place of business in San Antonio, Texas. State Farm is a citizen of Illinois, as it is an Illinois corporation with its principal place of business in Bloomington, Illinois. (ECF No. 26, ¶ 2.) See exhibits attached to State Farm's Response to Motion to Remand at Docket No. 30.

Plaintiff asserts jurisdiction in this Court is inappropriate for lack of diversity because State Farm is a citizen of Colorado, with a principal place of business at 1555 Promontory Circle, Greeley, Colorado  80638-0001.  Plaintiff's Motion to Remand is pending.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

Plaintiff was seriously injured in a single vehicle accident that occurred on January 4, 2013 while Plaintiff was riding as a passenger in the vehicle.  Plaintiff claims entitlement to Medical Payment policy benefits from USAA, and Underinsured Motorist (UIM) policy benefits from State Farm as a result of his injuries.  Plaintiff claims damages for Defendants'

unreasonable delay and denial of said benefits and asserts causes of action against both Defendants of breach of contract, insurance bad faith, and violation of C.R.S. § 10-3-1115.  In addition, Plaintiff asserts violation of the Colorado Consumer Protection Act against USAA.

   b.      Defendant USAA CIC:

Defendant USAA CIC denies it breached any contractual obligations owed to Plaintiff, denies it acted in bad faith, denies that it acted unreasonably in the handling of Plaintiff's claim for medical payments benefits, and denies that it violated the Colorado Consumer Protection Act. The medical payments insuring agreement provides that USAA CIC will pay only the reasonable fee for medically necessary and appropriate medical services that result from bodily injury sustained by a covered person in an auto accident and that are for services rendered within one year of the date of the auto accident. USAA CIC disclosed the medical payments provisions, including the one-year limitation, to its policyholder Ken W. Tell ("Tell"). Plaintiff submitted a number of medical bills for services that were not related to the accident and submitted a number of bills for services that USAA CIC determined were not medically necessary and appropriate. Plaintiff also submitted medical bills for services rendered more than one year from the date of the accident, which are not covered pursuant to the express terms of the policy. USAA CIC complied with the policy provisions and Colorado law in its adjustment Plaintiff's medical payments claims.

   c.      Defendant State Farm Mutual Automobile Insurance Company:

Defendant, State Farm, denies that it wrongfully delayed or denied Plaintiff's claim. State Farm denies any and all wrong doing with respect to the investigation and evaluation of

Plaintiff's claims.  At all times, State Farm acted reasonably in its investigation and evaluation of Plaintiff's claims.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     On or about January 4, 2013, Tell was operating a 2008 BMW M3 at or about 6410 Austin Bluffs Parkway, Colorado Springs, Colorado, with Plaintiff as a passenger, when they were involved in a single vehicle automobile accident.

2.     Tell was at-fault in the accident.

3.     At the time of the accident Plaintiff was a covered person pursuant to the terms of an automobile insurance policy, Policy No. 00502 21 51C 7101 4 (the "Policy"), which included medical payments coverage of $100,000 per person, subject to all applicable conditions, exclusions, limits, and terms.

4.     At the time of the accident, Plaintiff was also insured by State Farm under policy(ies) providing Underinsured Motorist (UIM) coverages.

5.     Under both the Medical Payment and UIM policies, Plaintiff is a first party Claimant within the meaning of C.R.S. § 10-3-1115(b)(I).

6.     Plaintiff also made claims to USAA for Medical Payment benefits, and to State Farm for UIM benefits.

7.     Plaintiff settled his claims against Kenneth Tell for limits of liability insurance available to Mr. Tell.

8.     State Farm consented to Plaintiff's settlement of his claims against Kenneth Tell.

## 5.  COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

a.       Plaintiff's position:

Plaintiff claims $100,000 in UIM benefits from State Farm, and $51,522.13 from USAA, and any ~~other~~ additional policy benefits for continuing medical expenses to which Plaintiff is entitled.  In addition, Plaintiff claims damages for Defendants' breach of their respective duties of good faith and fair dealing, and unreasonable delay and denial, including but not limited to reasonable attorney fees and court costs and two times the covered benefit pursuant to C.R.S. § 10-3-1116(1).  In addition, against USAA Plaintiff claims three times the amount of actual damages, costs, and reasonable attorney fees as provided by C.R.S. § 6-1-113.  To be clear, prior to litigation, Plaintiff pleaded with both carriers to provide any of the policy benefits to which Plaintiff is entitled.

b.       Defendant USAA CIC's position:

USAA CIC has not asserted any claim for damages and is not presently seeking damages from Plaintiff. USAA CIC reserves the right to seek recovery of damages as well as their actual costs and/or attorneys' fees under any legally recognized basis.

c.       Defendant State Farm's position:

State Farm is not asserting any claim for damages.

## 6.  REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.       Date of Rule 26(f) meeting:  February 12, 2016.

b.        Names of each participant and party he/she represented.

Plaintiff was represented by Rick N. Haderlie; Defendant USAA CIC was represented by Jeremy A. Moseley and Stefania C. Scott; Defendant State Farm was represented by Marc R. Levy and Heather E. Judd.

      c.        Statement as to when Rule 26(a)(1) disclosures were made or will be made.

USAA CIC's disclosures were made on February 17, 2016. Plaintiff's and Defendant State Farm's disclosures will be made on February 22, 2016.

~~The parties' disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) because of the addition of State Farm to the case on January 4, 2016. State Farm did not appear in the case until it filed its answer on February 8, 2016. The parties' first opportunity to hold a Rule 26(f) meeting was on was February 12, 2016, and disclosures are being made within 10 days of the Rule 26(f) meeting.~~

      d.        Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties propose the timing of disclosures as identified in paragraph c. above.

      e.        Statement concerning any agreements to conduct informal discovery:

Counsel do not believe informal discovery is needed in this matter.

      f.        Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agree that discovery will involve the production of documents primarily in .pdf format.

      g.        Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form and have agreed that production of such documents in pdf format is sufficient. <u>The parties have agreed not to exchange metadata in the ordinary course of discovery.</u>  The parties have taken and will continue to take reasonable steps to preserve and retrieve discoverable information relevant to this litigation, including electronically stored information. The parties also agree to cooperate regarding production of electronically stored information, limitation of associated costs, and avoidance of disputes.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of settlement and the timing of such discussions. Defendant USAA CIC must conduct some initial discovery before it can discuss the possibility of settlement with Plaintiff.

During the Rule 26(f) conference, State Farm and Plaintiff discussed possible settlement, and will continue to engage in discussions regarding settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: ~~Due to the number of claims handlers, Plaintiff proposes to be allowed to take 15 depositions.~~  <u>Each party may serve up to twenty-five (25) interrogatories, including discrete subparts, and may take up to fifteen (15) depositions, including experts.</u>

b.      Limitations which any party proposes on the length of depositions:   ~~Per Rule, except that, given Plaintiff's claims against the Defendants, each Defendant anticipates needing one seven-hour deposition of Plaintiff.~~   Each deposition may last up to one day of seven hours, except the deposition of Plaintiff which will limited to twelve (12) hours, to be scheduled between the Parties.  The Parties will coordinate Plaintiff's deposition.

~~Plaintiff objects to each Defendant taking a seven-hour deposition of Plaintiff.~~

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission:  ~~The parties agree e~~Each party may serve each adverse party 25 requests for production and 25 requests for admission.

d.      Other Planning or Discovery Orders

USAA CIC will file a motion to sever no later than February 26, 2016. ~~plans to file a motion to sever Plaintiff's claims against State Farm on the grounds that Plaintiff's claims against USAA CIC and State Farm do not arise out of the same transaction or occurrence, as the claims involve different insurance policies and different coverages. USAA CIC's policy provides coverage for medical payments benefits, subject to the terms of its policy. State Farm's policy provides underinsured motorist benefits, subject to the terms of its policy. These different policies are the bases for Plaintiff's claims against defendants.~~

~~State Farm currently has no position on USAA's proposed motion.~~ The Parties identify the following issues that may be amenable to early disposition:  (1) contractual interpretation of the USAA contract with respect to whether cost for treatment incurred over a year after the accident may be claimed under the terms of the policy; and (2) whether there is a continuing duty

of good faith for State Farm, and whether Plaintiff has a commensurate duty of cooperation, after this action was filed.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  April 8, 2016 ~~June 1, 2016~~.

b.      Discovery Cut-off:  November 15, 2016.

c.      Dispositive Motion Deadline:  December 15, 2016.

d.      Expert Witness Disclosure:

(1) The parties shall identify anticipated fields of expert testimony, if any:

- Insurance industry expert

- Medical opinion

(2)  Limitations which the parties propose on the use or number of expert witnesses.

- Plaintiff proposes – None.

- USAA CIC and State Farm propose a limitation of no more than one retained expert per category or topic.

(3) The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 15, 2016. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 15, 2016.  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.      Identification of Persons to Be Deposed:

| Name of Deponent | Good Faith Estimate Expected Length of Deposition (including questioning by all parties) |
|---|---|
| Plaintiff Thomas Rountree | 7 hours for each defendant ~~(Plaintiff objects and requests a maximum of 7 hours for both defendants)~~ |
| Ken Tell | 4 hours |
| Plaintiff's medical providers | 3 hours (each) |
| F.R.C.P. 35 examiner (if needed) | 5-7 hours ~~(State Farm objects to the proposed amount of time for IME depositions)~~ |

| Expert witnesses (TBD) | 5-7 hours (each) |
|---|---|
| Representatives of State Farm, including 30(b)(6) witnesses, Analisa Somers, Jennifer Bower, Anna Black, Deb Sawyer, and potentially others. | 7 hours maximum each |
| Representatives of USAA, including 30(b)(6) witnesses, Avery Beerhalter, Scott Billings, and potentially others. | 7 hours maximum each |

f.      Deadline for Interrogatories:

The parties shall serve written interrogatories at least 45 days prior to the discovery cut-off.

g.      Deadline for Requests for Production of Documents and/or Admissions

The parties shall serve request for production of documents at least 45 days prior to the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____ .

b.      A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference. A Final Trial Preparation Conference will be held before the Honorable Marcia S. Krieger pursuant to her Trial Preparation Order – Civil, to be set by separate order.

11

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a two week trial if the Court does not sever the claims against the respective defendants. If USAA CIC's claims are severed, USAA CIC anticipates a one week trial. Similarly, if the Court severs the claims, State Farm anticipates a one-week trial regarding the claims against it.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

Plaintiff requests that pretrial proceedings, to the extent possible, be conducted in Colorado Springs.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 23d day of February, 2016.

BY THE COURT:

s/ Nina Y. Wang
_____
United States Magistrate Judge

Dated:  February 17, 2016

APPROVED:

| | |
|---|---|
| *s/ Rick N. Haderlie* | *s/ Stefania C. Scott* |
| Miles M. Dewhirst | Jeremy A. Moseley |
| Rick N. Haderlie | Stefania C. Scott |
| Dewhirst & Dolven, LLC, | Wheeler Trigg O'Donnell LLP |
| 102 S. Tejon St., Ste. 500 | 370 Seventeenth Street, Suite 4500 |
| Colorado Springs, CO  80903 | Denver, CO  80202-5647 |
| Telephone:  719.520.1421 | Telephone:   303.244.1800 |
| | |
| Attorneys for Plaintiff, Thomas Rountree | Attorneys for Defendant, USAA Casualty Insurance Company |

<div style="margin-left:45%">

*s/ Heather E. Judd*

Heather E. Judd

Marc R. Levy

Levy•Wheeler•Waters, Professional Corporation

6400 S. Fiddlers Green Circle, Suite 900

Greenwood Village, CO 80111

Telephone:  303.796.2900

Attorneys for Defendant,

State Farm Mutual Automobile Insurance Company

</div>