**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02762-MSK-NYW

THOMAS ROUNTREE,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, d/b/a United Services Automobile Association,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and
JOHN DOES 1-10,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This civil action is before the court on Plaintiff Thomas Rountree's ("Plaintiff" or "Mr. Rountree") Motion to Remand. [#25, filed January 26, 2016]. This matter was referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated February 17, 2016 [#33] and the memorandum dated February 23, 2016 [#42]. For the reasons discussed below, I respectfully RECOMMEND that the Motion be DENIED.

**BACKGROUND**

Mr. Rountree initiated this action on July 31, 2015 by filing a Complaint in the District Court for the County of El Paso, Colorado. [#1-8]. He named as Defendants, Kenneth Tell, USAA Casualty Insurance Company d/b/a United Services Automobile Association, and "John Does" 1-10. [*Id.*] The Complaint asserted four claims against Defendant USAA Casualty Insurance Company d/b/a United Services Automobile Association ("USAA") for breach of

contract, breach of good faith and fair dealing, violation of Colo. Rev. Stat. § 10-3-1115, and violation of the Colorado Consumer Protection Act, arising out of an automobile accident in which Mr. Tell was the driver of the vehicle involved, and Plaintiff, as passenger in the vehicle, suffered permanent and disabling injuries. [*Id.*]  The Complaint asserted two claims for negligence against Mr. Tell.[1]  The Complaint centers around insurance policy no. 00502 21 51C 7101 4 (the "Policy") issued by USAA to Mr. Tell. [#1-8 at ¶ 10; #1 at ¶ 4; #1-1]. The Policy included medical payments benefits ("MedPay") of up to $100,000 per person, subject to the Policy's terms and conditions. Plaintiff alleges USAA has improperly limited coverage and denied his claims for MedPay benefits under the Policy, and seeks compensatory damages, double and treble damages as provided by state law, pre and post judgment interest, costs, and attorney fees. [#1-8, Prayer for Relief].

Mr. Rountree served USAA with the Complaint on November 18, 2015. [#1-15; #7]. On December 18, 2015, USAA removed the action to the United States District for the District of Colorado on the basis that federal jurisdiction exists pursuant to 28 U.S.C. § 1332(a). [#1].

On January 4, 2016, Mr. Rountree filed an Amended Complaint omitting Mr. Tell as a Defendant and adding State Farm Mutual Automobile Insurance Company ("State Farm"). [#16]. The Amended Complaint asserts four claims for breach of contract, breach of good faith and fair dealing, violation of Colo. Rev. Stat. § 10-3-1115, and violation of the Colorado Consumer Protection Act as to all Defendants and is unchanged in the relief it seeks. [*Id.*] USAA filed an Answer on January 19, 2016 [#21], and State Farm filed an Answer on February 8, 2016. [#26].

---

[1] Plaintiff filed a Notice of Voluntary Dismissal as to Mr. Tell on September 16, 2015, and the state court entered an order dismissing Mr. Tell from the action. [#1 at ¶ 2, #1-9, #1-10].

On January 26, 2016, Mr. Rountree filed the instant Motion to Remand. [#25]. State Farm filed a Response to the Motion on February 16, 2016 [#30] and USAA filed a Response the following day. [#34]. The undersigned presided over a Scheduling Conference in this matter on February 24, 2016.

## ANALYSIS

### I.    Applicable Law

Section 1332 of Title 28 of the United States Code provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…" 28 U.S.C. 1332(a)(1). Section 1441 allows, with exceptions not relevant here, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at 1441(b)(2). The defendant bears the burden to prove the existence of federal subject matter jurisdiction and must establish that jurisdiction by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001)).

### II.    Application

Mr. Rountree seeks remand to state court on the basis that his joinder of State Farm

defeats diversity jurisdiction because State Farm is an "insurer authorized and doing business in the State of Colorado, with a principal place of business at 1555 Promontory Circle, Greeley, Colorado…" [#25 at 2].[2] Plaintiff asserts that the action must be remanded because both he and State Farm are citizens of Colorado. [*Id.*]

State Farm responds simply that it is an Illinois corporation with a principal place of business in Bloomington, Illinois. [#30]. For support, State Farm attaches a Certificate of Good Standing from the Office of the Secretary of the State of Colorado stating that State Farm was "formed or registered under the law of Illinois," and an excerpt of its Articles of Incorporation stating that its "principal or home office" shall be located in Bloomington, Illinois. [#30-1, #30-2]. USAA echoes State Farm's argument, and asserts that Plaintiff's counsel failed to confer with counsel for State Farm prior to filing the Motion to Remand, and that a proper meet and confer would have prevented this motion practice altogether. [#34].

In considering diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing 28 U.S.C. § 1332(c)(1)). *See also Hertz Corp. v. Friend,* 559 U.S. 77, 85, 88, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Plaintiff does not contest the timeliness of the Removal Notice or the contents therein, nor does he dispute that the amount in controversy exceeds $75,000; he challenges only that diversity of parties ceases to exist following the joinder of State Farm. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v.*

---

[2] Plaintiff attaches the affidavit of service for State Farm, which demonstrates that service was accepted by Defendant's registered agent, Professional Process Servers, LLC, with an address in Denver, Colorado. [#25-1].

*Friend*, 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). I find that State Farm has carried its burden to demonstrate that it is a citizen of Illinois for purposes of diversity jurisdiction. Indeed, several courts in this district have found so as well. *See, e.g., Reed v. State Farm Mut. Auto. Ins. Co., Civil Action*, 07-cv-02123-REB-KLM, 2010 WL 1793135, at *3 (D. Colo. May 5, 2010) ("JUDGMENT SHALL ENTER in favor of the defendant, State Farm Mutual Automobile Insurance Company, an Illinois corporation"). *Bishelli v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *1 (D. Colo. May 15, 2007) ("Defendant State Farm is incorporated and has its principal place of business in the State of Illinois"). Because Plaintiff has pled he is a citizen of Colorado and neither of the named Defendants are citizens of Colorado,[3] I respectfully recommend denying Plaintiff's Motion to Remand.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that the Motion to Remand [#25] be **DENIED**.[4]

---

[3] The Doe Defendants do not affect this court's analysis of diversity jurisdiction. *McPhail*, 529 F.3d at 951 ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal.") (citing 28 U.S.C. § 1441(a)).

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

DATED: February 26, 2016          BY THE COURT:

                                          s/Nina Y. Wang_____
                                          United States Magistrate Judge

---

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).